## Inez MAHAN *v.* The Estate of Basil Edwin MAHAN, Deceased

668 S.W.2d 943

Supreme Court of Arkansas
Opinion delivered May 7, 1984

*H.G. Foster,* for appellant.

No Response filed by appellee.

PER CURIAM. Inez Mahan has moved for a rule on the clerk to accept a record which was tendered late.

The order appealed from was entered on July 26, 1983 in the Probate Court of Van Buren County. Notice of appeal was filed on August 16 and one timely extnsion of 120 days was obtained. Thus the record was due not later than 210 days from the judgment, or February 21, 1984. The record was tendered here on March 13, 1984 and was properly refused by the clerk.

The motion for a rule on the clerk mentions the flood which occurred in Clinton, Arkansas, in 1982 but makes no serious attempt to lay the cause for the late tender to that catastrophe. The motion states candidly that the delay occurred because "counsel for the appellant, court reporter, and the clerk of the court did all count the seven month period for filing the transcript mentioned in Ark. Stat. Ann. § 27-2127.1 from the date of filing the notice of appeal

herein and not as would be proper from the date of the judgment appealed from, which would be July 26, 1983." Thus, the late tender of the record in this case must be attributed to the miscalculation and not to an unavoidable casualty. We have repeatedly said the timely tender of the record is essential. The motion, therefore, is denied.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I would grant the rule on the clerk because of unavoidable casualty. The reason the record was not timely presented was because the clerk had trouble locating his files due to the devestating flood which struck the Van Buren County Courthouse in 1982. Records had to be reconstructed primarily by obtaining copies of documents from the files of interested attorneys. Affidavits from the reporter, clerk and attorney clearly reveal this delay was necessitated by a flood which I think was not due to the fault of anyone in connection with this case.

P. A. HOLLINGWORTH, Justice, dissenting. I think the motion should be granted and we should accept the transcript tendered by the appellant on March 13, 1984. Ark. R. Civ. P. 6 (b) provides that this Court for cause shown, may at any time in its discretion allow an act to be done "where the failure to act was the result of excusable neglect, unavoidable casualty or other just cause." Here, appellant's counsel proceeded initially under the assumption that his client was indigent. When that status was denied some forty-five to sixty days into the appeal period, counsel's firm decided to pay the costs of appellant's appeal. The transcript was subsequently ordered which necessitated obtaining the records and notes of a former court reporter now residing in Tennessee. Appellant's counsel obtained a 120 day extension to file the transcript. Part of the records maintained by the clerk of the court had been preserved in the courthouse in Clinton which suffered a severe flood, destroying some of these records. The record was ultimately tendered within 210 days from the date of filing of the notice of appeal, but not from the date of the judgment appealed from, as required. I think appellant demonstrates both excusable neglect and

unavoidable casualty and therefore shows cause why this motion should be granted.